**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesse Angel CEVALLOS,
Defendant-Appellant.**

**No. 77–5746**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

June 8, 1978.

\* Rule 18, 5 Cir.;  *see Isbell Enterprises, Inc.  v.  Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

855

Jesse Angel Cevallos, pro se.

J. A. Canales, U. S. Atty., John M. Potter, George A. Kelt, Jr., James L. Powers, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Following his guilty plea to conspiracy to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Cevallos was sentenced to an enhanced sentence of 25 years and a special parole term of 6 years.

Prior to entry of the plea the government had filed an information of a previous drug-related conviction. Cevallos did not appeal, but over one year later filed a motion to correct sentence pursuant to F.R.Cr.P. Rule 35, asserting that his sentence was illegal on the grounds it had not been imposed in compliance with 21 U.S.C. § 841. The motion was denied and he appealed to this Court which reversed and remanded for resentencing on the ground that the sentence was illegal, since at the time of sentencing the district judge had failed to comply with 21 U.S.C. § 851(b), because he had never asked Cevallos whether he had been previously convicted as alleged in the information and had not informed him that he could not challenge the prior conviction after sentence. *United States v. Cevallos,* 5 Cir. 1976, 538 F.2d 1122. Following remand the district court appointed counsel to rep-resent Cevallos and set a hearing for resentencing, at which he admitted that he had been convicted of a prior drug-related offense as alleged in the information. The court then ruled that the only question before it was the validity of the prior conviction and determined, following a hearing, that the conviction was valid, and resentenced Cevallos to the same sentence imposed before, namely, 25 years to be followed by a special parole term of 6 years. On appeal he has elected to proceed *pro se* and raises the following issues.

First, he argues that he has been prejudiced by the district court's initial failure to comply with 21 U.S.C. § 851, since under § 851(e) he is now precluded from challenging his prior conviction. Subsection (e) provides that no person may challenge the validity of any prior conviction alleged under this section which occurred more than 5 years before the date of the information alleging such prior conviction. This argument is without merit, since his prior conviction was in 1969, and the information filed by the government on January 19, 1973, had the effect of tolling the statute of limitations as of that time. See *United States v. Grady,* 2 Cir. 1976, 544 F.2d 598, 601; *United States v. Garcia,* 10 Cir. 1969, 412 F.2d 999.

His second contention that the district court failed to comply with our mandate in *United States v. Cevallos, supra,* is likewise untenable. The court allowed him an opportunity to challenge his prior conviction, found that his plea entered on February 24, 1969, prior to *McCarthy,*[1] was a valid one under Federal Rule of Criminal Procedure 11 as it then existed, and even under *post*-McCarthy standards, and sentenced him in compliance with our mandate. See *United States v. Cevallos, supra,* at 1128, where we pointed out that:

"Unlike the error in *United States v. Noland,* [5 Cir., 1974, 495 F.2d 529, cert. denied, 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181] supra, which caused us to reduce the enhanced sentence to the normal statutory maximum rather than to remand for resentencing (see note 4, su-

1. *McCarthy v. U. S.,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

pra), the failure of the District Court to comply with § 851(b), though resulting in an illegal sentence, does not deprive the District Court of jurisdiction to impose an enhanced sentence on remand. See *United States v. Garcia, supra.*

We therefore vacate petitioner's sentence and remand to the District Court for resentencing in full compliance with the procedures of the enhancement statute. Petitioner will be able to challenge his prior conviction at the resentencing proceeding. 21 U.S.C.A. § 851(c)."

Cevallos' next contention that the government's information was improperly filed and presented also falls, for in *Cevallos* we determined that "the uncontroverted evidence more than supports the District Judge's implied finding that petitioner's counsel was in fact served with a copy of the information of previous conviction prior to the guilty plea proceeding and petitioner was so advised by his counsel . . . and [O]ther circumstances corroborate actual knowledge on the part of petitioner that the government had filed an information as a second offender and would seek an enhanced sentence" (referring *inter alia* to appellant's acknowledgment of this fact at the plea proceedings, see *United States v. Cevallos,* at 1126, n.5).

Cevallos also argues that the information should have been filed with a judge other than the presiding judge. All that 21 U.S.C. § 851 requires is that the information be filed with the court, and the statute was complied with when the government filed the information with the Deputy Clerk on January 19, 1973.

Cevallos' two final arguments concern the alleged severity of his enhanced sentence in the light of Congressional intent, and whether his appointed counsel afforded him adequate representation at his resentencing. With respect to the first, Cevallos appears to be within the category of drug offenders for whom the enhancement provisions were enacted, since the record reflects that when he pled guilty to possession of heroin and cocaine in a previous 1969 conviction he admitted then that it was his third trip to Mexico for the purpose of obtaining heroin, and in the present case he appears to have been involved in a fairly large-scale narcotics operation.

"The purpose of Congress in enacting multiple offender penalties in the narcotics laws was to punish violators more severely, to deter the criminal who engages in illicit drug traffic, and to take habitual violators out of circulation. See House Report 635, 82nd Cong., 1st Sess., June 21, 1951; Senate Report 1051, 82nd Cong., 1st Sess., Oct. 1, 1951." (*United States v. Buia,* 2 Cir. 1956, 236 F.2d 548.)

Finally, our careful examination of the record reflects that his appointed counsel afforded him able representation at his resentencing and rendered reasonably effective assistance under the standard of *Herring v. Estelle,* 5 Cir. 1974, 491 F.2d 125, and *MacKenna v. Ellis,* 5 Cir. 1960, 280 F.2d 592, cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78.

JUDGMENT AFFIRMED.