**UNITED STATES of America, Appellee,**

v.

**Enrique ROMERO–CARRION, Defendant, Appellant.**

No. 94–1792.

United States Court of Appeals, First Circuit.

Heard March 8, 1995.

Decided May 9, 1995.

Jose R. Gaztambide, Hato Rey, PR, for appellant.

Esther Castro–Schmidt, Asst. U.S. Atty., with whom Guillermo Gil, U.S. Atty., Washington, DC, and José A. Quiles–Espinosa, Sr. Litigation Counsel, Hato Rey, PR, were on brief, for appellee.

Before TORRUELLA, Chief Judge, SELYA and CYR, Circuit Judges.

CYR, Circuit Judge.

Enrique Romero Carrion appeals the judgment of conviction and sentence entered against him for possessing cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1). Finding no reversible error, we affirm.

# I

## *BACKGROUND* [1]

On July 1, 1993, a federal law enforcement officer witnessed a gathering of men and vehicles in a park in Isla Verde, Puerto Rico. After recognizing one of the men, from having seen him at a "drug point" previously, the officer maintained surveillance and saw appellant standing in close proximity to a vehicle from which packages wrapped in brown paper were being removed. The officer suspected that the packages contained cocaine. Shortly thereafter appellant was seen getting into a vehicle and circling the park. After appellant rejoined the group, the police moved in to arrest them.

Appellant was arrested while attempting to flee. More than $1,000 in cash was seized from his person, and an empty paper bag—bearing the notation "$1,500 for Kike"—was recovered from one of the seized vehicles.[2] Over 255 kilograms of cocaine were recovered from the vehicles at the scene—twenty-five kilograms from the vehicle used by appellant—all in similarly wrapped one-kilo packages. Following a three-day jury trial, appellant was convicted and sentenced to life imprisonment. This appeal ensued.

---

1. The relevant facts are recited in the light most favorable to the verdict. *United States v. Tuesta–Toro,* 29 F.3d 771, 773 (1st Cir.1994).

2. The government established that "Kike" was appellant's nickname.

## II

### DISCUSSION

#### A. Sufficiency of the Evidence

■ Appellant challenges the sufficiency of the evidence supporting his conviction for possessing cocaine with intent to distribute. We review the evidence in the light most favorable to the verdict, drawing all reasonable inferences and resolving all credibility determinations in favor of the verdict, in order to determine whether a reasonable trier of fact could have reached a verdict of guilt. *United States v. Tuesta–Toro,* 29 F.3d 771, 773 (1st Cir.1994). The evidence arrayed against appellant plainly surmounted this threshold.

■ Although unemployed at the time of the arrest, appellant possessed a substantial amount of cash clearly linked with the larger cocaine conspiracy. *See United States v. Figueroa,* 976 F.2d 1446, 1455 (1st Cir. 1992) (defendant's possession of large amount of cash—otherwise unexplained—constitutes relevant evidence in prosecution for violating § 841(a)), *cert. denied,* —— U.S. ——, 113 S.Ct. 1346, 122 L.Ed.2d 728 (1993). The jury reasonably could conclude that appellant was engaged in countersurveillance at the scene of the drug exchange, *United States v. Munoz,* 36 F.3d 1229, 1235 (1st Cir.1994), and that he constructively possessed the 25 kilograms of cocaine seized from the vehicle which he had driven around the park. *Id.* The jury reasonably could infer—from appellant's prolonged presence at the scene of the crime and in close proximity to the cocaine—that he was no innocent bystander. *See United States v. Hernandez,* 995 F.2d 307, 314 (1st Cir.) ("criminals rarely welcome innocent persons as witnesses to serious crimes"), *cert. denied,* —— U.S. ——, 114 S.Ct. 407, 126 L.Ed.2d 354 (1993). Finally, appellant's attempt to flee the scene evinced a keen consciousness of guilt. *Id.* at 314–15 ("[E]vidence of flight is a particularly eloquent reflection of a guilty mind.") (citation omitted).

#### B. Motion for Mistrial

■ Appellant asserts error in the district court's denial of his motion for mistrial. We review for manifest abuse of discretion. *United States v. Pierro,* 32 F.3d 611, 617 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 919, 130 L.Ed.2d 799 (1994).

■ A police officer testified that appellant attempted to flee when the police moved in to arrest the assembled participants. Appellant objected on the ground that the witness had not observed the attempt to flee, hence was not competent to testify. The government conceded the point and assured the court that a competent witness would testify to the same effect. The district court provisionally denied appellant's motion for mistrial and a competent witness later testified that he saw appellant "not really walking, almost running" from the scene during the arrests. There was no error in denying the motion for mistrial.

#### C. The Sentencing Claim

As required by 21 U.S.C. § 851(a), the government duly filed a pretrial information alerting appellant that, upon conviction, it would seek the enhanced penalties prescribed by law for a person with two or more prior felony drug convictions, *see* 21 U.S.C. § 841(b)(1) ("such person shall be sentenced to life imprisonment"), thereby triggering the section 851(b) requirement that—

> the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b). The government concedes that the district court failed to comply with section 851(b) but imposed a life sentence nonetheless.

■ We have yet to consider in a reported decision whether a failure to comply with section 851(b) is subject to "harmless error" analysis. It is clear, on the other hand, that failure to file the information required by section 851(a) deprives the district

court of jurisdiction to impose an enhanced sentence. Moreover, absent compliance with section 851(a) an enhanced sentence cannot be saved under a "harmless error" analysis. *See Suveges v. United States*, 7 F.3d 6, 10 (1st Cir.1993) (upholding collateral challenge to enhanced sentence imposed after government failed to file § 851(a) information).

All courts of appeals which have considered the question presently hold that failure to engage in the colloquy required by section 851(b) is subject to "harmless error" analysis. *See United States v. Flores*, 5 F.3d 1070, 1082 (7th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 884, 127 L.Ed.2d 79 (1994); *United States v. Fragoso*, 978 F.2d 896, 902 (5th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 1664, 123 L.Ed.2d 282 (1993); *United States v. Housley*, 907 F.2d 920, 921–22 (9th Cir.1990); *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir.1990), *cert. denied*, 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991). Although at one time the Fifth Circuit and the Eleventh Circuit took the position that failure to conduct a section 851(b) colloquy deprived the sentencing court of jurisdiction to impose an enhanced sentence, *see United States v. Olson*, 716 F.2d 850, 853–54 (11th Cir.1983); *United States v. Cevallos*, 574 F.2d 854, 855 (5th Cir.1978), both courts now subject such omissions to harmless error review. *Weaver*, 905 F.2d at 1482; *United States v. Nanez*, 694 F.2d 405, 413 (5th Cir.1982) (expressly overruling *Cevallos* and applying "harmless error"), *cert. denied*, 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983). We are not persuaded to the contrary view urged by appellant.

A procedural error will be found harmless if "it is highly probable that the challenged action did not affect the judgment." *United States v. Noone*, 913 F.2d 20, 36 (1st Cir.1990) (citations omitted), *cert. denied*, 500 U.S. 906, 111 S.Ct. 1686, 114 L.Ed.2d 81 (1991); *see* Fed.R.Crim.P. 52(a) (harmless error defined as "any error, defect,

irregularity or variance which does not affect substantial rights"). The error of omission under section 851(b) was harmless in this case.

First, notwithstanding repeated invitations, appellant neither points to a defect in the prior convictions nor denies that he was the person previously convicted. Second, since all prior convictions relied upon by the district court occurred more than five years before the filing of the information in the present case, appellant is barred from challenging their validity. 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.").[3] Accordingly, the district court's failure to comply with section 851(b) was harmless error and its judgment must be affirmed.

*Affirmed.*

---

**3.** Several courts of appeals have held that § 851(e) moots § 851(b) if each prior conviction at issue is more than five years old. *See Flores*, 5 F.3d at 1082; *Fragoso*, 978 F.2d at 902; *Housley*, 907 F.2d at 921–22; *Weaver*, 905 F.2d at 1482. Although we agree that § 851(e) precludes collat-

eral challenges to the *validity* of such time-barred convictions, § 851(b) also affords the defendant an opportunity to demonstrate that he is not the person to whom a prior record of conviction refers. Section 851(e) appears to impose no time limit on the latter challenge.