USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-1792 UNITED STATES OF AMERICA, Appellee, v. ENRIQUE ROMERO-CARRION, Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________  ____________________ Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________  ____________________ Jose R. Gaztambide for appellant. __________________ Esther Castro-Schmidt, Assistant United States Attorney, with ______________________ whom Guillermo Gil, United States Attorney, and Jos A. Quiles- ______________ _________________ Espinosa, Senior Litigation Counsel, were on brief for appellee. ________  ____________________ May 9, 1995  ____________________ CYR, Circuit Judge. Enrique Romero Carrion appeals the CYR, Circuit Judge _____________ judgment of conviction and sentence entered against him for possessing cocaine with intent to distribute. See 21 U.S.C.  ___ 841(a)(1). Finding no reversible error, we affirm. I I BACKGROUND1 BACKGROUND __________ On July 1, 1993, a federal law enforcement officer witnessed a gathering of men and vehicles in a park in Isla Verde, Puerto Rico. After recognizing one of the men as a "drug point," the officer maintained surveillance and saw appellant standing in close proximity to a vehicle from which packages wrapped in brown paper were being removed. The officer suspected that the packages contained cocaine. Shortly thereafter appel- lant was seen getting into a vehicle and circling the park. After appellant rejoined the group, the police moved in to arrest them. Appellant was arrested while attempting to flee. More than $1,000 in cash was seized from his person, and an empty paper bag bearing the notation "$1,500 for Kike" was recovered from one of the seized vehicles.2 Over 255 kilograms of cocaine were recovered from the vehicles at the scene twenty-five kilograms from the vehicle used by appellant all  ____________________ 1The relevant facts are recited in the light most favorable to the verdict. United States v. Tuesta-Toro, 29 F.3d 771, 773 _____________ ___________ (1st Cir. 1994). 2The government established that "Kike" was appellant's nickname. 2 in similarly wrapped one-kilo packages. Following a three-day jury trial, appellant was convicted and sentenced to life impris- onment. This appeal ensued. II II DISCUSSION DISCUSSION __________ A. Sufficiency of the Evidence  A. Sufficiency of the Evidence ___________________________ Appellant challenges the sufficiency of the evidence supporting his conviction for possessing cocaine with intent to distribute. We review the evidence in the light most favorable to the verdict, drawing all reasonable inferences and resolving all credibility determinations in favor of the verdict, in order to determine whether a reasonable trier of fact could have reached a verdict of guilt. United States v. Tuesta-Toro, 29 _____________ ___________ F.3d 771, 773 (1st Cir. 1994). The evidence arrayed against appellant plainly surmounted this threshold. Although unemployed at the time of the arrest, appel- lant possessed a substantial amount of cash clearly linked with the larger cocaine conspiracy. See United States v. Figueroa, ___ ______________ ________ 976 F.2d 1446, 1455 (1st Cir. 1992) (defendant's possession of large amount of cash otherwise unexplained constitutes relevant evidence in prosecution for violating 841(a)), cert. _____ denied, 113 S. Ct. 1346 (1993). The jury reasonably could ______ conclude that appellant was engaged in countersurveillance at the scene of the drug exchange, United States v. Munoz, 36 F.3d 1229, _____________ _____ 1235 (1st Cir. 1994), and that he constructively possessed the 25 kilograms of cocaine seized from the vehicle which he had driven 3 around the park. Id. The jury reasonably could infer from ___ appellant's prolonged presence at the scene of the crime and in close proximity to the cocaine that he was no innocent by- stander. See United States v. Hernandez, 995 F.2d 307, 314 (1st ___ _____________ _________ Cir.) ("criminals rarely welcome innocent persons as witnesses to serious crimes"), cert. denied, 114 S. Ct. 407 (1993). Finally, _____ ______ appellant's attempt to flee the scene evinced a keen conscious- ness of guilt. Id. at 314-15 ("[E]vidence of flight is a partic- ___ ularly eloquent reflection of a guilty mind.") (citation omit- ted). B. Motion for Mistrial B. Motion for Mistrial ___________________ Appellant asserts error in the district court's denial of his motion for mistrial. We review for manifest abuse of discretion. United States v. Pierro, 32 F.3d 611, 617 (1st _____________ ______ Cir.), cert. denied, 115 S. Ct. 919 (1994).  _____ ______ A police officer testified that appellant attempted to flee when the police moved in to arrest the assembled partici- pants. Appellant objected on the ground that the witness had not observed the attempt to flee, hence was not competent to testify. The government conceded the point and assured the court that a competent witness would testify to the same effect. The district court provisionally denied appellant's motion for mistrial and a competent witness later testified that he saw appellant "not really walking, almost running" from the scene during the ar- rests. There was no error in denying the motion for mistrial. C. The Sentencing Claim C. The Sentencing Claim ____________________ 4 As required by 21 U.S.C. 851(a), the government duly filed a pretrial information alerting appellant that, upon conviction, it would seek the enhanced penalties prescribed by law for a person with two or more prior felony drug convictions, see 21 U.S.C. 841(b)(1) ("such person shall be sentenced to ___ life imprisonment"), thereby triggering the section 851(b) requirement that the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence. 21 U.S.C. 851(b). The government concedes that the district court failed to comply with section 851(b) but imposed a life sentence nonetheless. We have yet to consider in a reported decision whether a failure to comply with section 851(b) is subject to "harmless error" analysis. It is clear, on the other hand, that failure to file the information required by section 851(a) deprives the district court of jurisdiction to impose an enhanced sentence. Moreover, absent compliance with section 851(a) an enhanced sentence cannot be saved under a "harmless error" analysis. See ___ Suveges v. United States, 7 F.3d 6, 10 (1st Cir. 1993) (upholding _______ _____________ collateral challenge to enhanced sentence imposed after govern- ment failed to file 851(a) information). All courts of appeals which have considered the ques- 5 tion presently hold that failure to engage in the colloquy required by section 851(b) is subject to "harmless error" analy- sis. See United States v. Flores, 5 F.3d 1070, 1082 (7th Cir. ___ _____________ ______ 1993), cert. denied, 114 S. Ct. 884 (1994); United States v. _____ ______ ______________ Fragoso, 978 F.2d 896, 902 (5th Cir. 1992), cert. denied, 113 S. _______ _____ ______ Ct. 1664 (1993); United States v. Housley, 907 F.2d 920, 921-22 ______________ _______ (9th Cir. 1990); United States v. Weaver, 905 F.2d 1466, 1482 _____________ ______ (11th Cir. 1990), cert. denied, 498 U.S. 1091 (1991). Although _____ ______ at one time the Fifth Circuit and the Eleventh Circuit took the position that failure to conduct a section 851(b) colloquy deprived the sentencing court of jurisdiction to impose an enhanced sentence, see United States v. Olson, 716 F.2d 850, 853- ___ _____________ _____ 54 (11th Cir. 1983); United States v. Cevallos, 574 F.2d 854, 855 _____________ ________ (5th Cir. 1978), both courts now subject such omissions to harmless error review. Weaver, 905 F.2d at 1482; United States ______ _____________ v. Nanez, 694 F.2d 405, 413 (5th Cir. 1982) (expressly overruling _____ Cevallos and applying "harmless error"), cert. denied, 461 U.S. ________ _____ ______ 909 (1983). We are not persuaded to the contrary view urged by appellant. A procedural error will be found harmless if "it is highly probable that the challenged action did not affect the judgment." United States v. Noone, 913 F.2d 20, 36 (1st Cir. ______________ _____ 1990) (citations omitted), cert. denied, 500 U.S. 906 (1991); see _____ ______ ___ Fed. R. Crim. P. 52(a) (harmless error defined as "any error, defect, irregularity or variance which does not affect substan- tial rights"). The error of omission under section 851(b) was 6 harmless in this case. First, notwithstanding repeated invitations, appellant neither points to a defect in the prior convictions nor denies that he was the person previously convicted. Second, since all prior convictions relied upon by the district court occurred more than five years before the filing of the information in the present case, appellant is barred from challenging their validi- ty. 21 U.S.C. 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.").3 Accordingly, the district court's failure to comply with section 851(b) was harmless error and its judgment must be affirmed. Affirmed.  Affirmed. ________  ____________________ 3Several courts of appeals have held that 851(e) moots 851(b) if each prior conviction at issue is more than five years old. See Flores, 5 F.3d at 1082; Fragoso, 978 F.2d at 902; ___ ______ _______ Housley, 907 F.2d at 921-22; Weaver, 905 F.2d at 1482. Although _______ ______ we agree that 851(e) precludes collateral challenges to the validity of such time-barred convictions, 851(b) also affords ________ the defendant an opportunity to demonstrate that he is not the person to whom a prior record of conviction refers. Section 851(e) appears to impose no time limit on the latter challenge. 7