USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 95-2246 UNITED STATES, Appellee, v. GUILIANO ANTOINE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Patti B. Saris, U.S. District Judge] ____________________ Before Lynch, Circuit Judge, Hill and John R. Gibson, Senior Circuit Judges. _____________________ Charles P. McGinty, Federal Defender Office, for appellant. James  F.  Lang, Assistant United States Attorney, with whom Donald K. Stern , United States Attorney, was on brief for appellee. ____________________ September 15, 1997 ____________________  Of the Eleventh Circuit, sitting by designation. Of the Eighth Circuit, sitting by designation. HILL,  Senior Circuit Judge . Guiliano Antoine was charged with conspiracy to engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. S 371, and with the substantive offense of engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. S 922(a)(1)(A). At trial, the court admitted evidence of flight and instructed the jury regarding that evidence. Antoine was convicted. This appeal ensued. I. The government's principal witness at trial was Roy Boone. Boone testified that he cooperated with Bureau of Alcohol, Tobacco, and Firearms (ATF) agents as required by his plea agreement on firearms charges against him. The government believed Antoine had been illegally purchasing guns from Boone. Boone agreed to offer to sell more guns to Antoine and to allow the government to record his conversations with Antoine and set up the arrangements for the "buy."  Boone contacted Antoine and offered to sell him nine millimeter handguns. Boone told Antoine to meet him at a motel near Boston to see the guns. A video camera hidden in the room recorded the events. Antoine and two companions arrived and examined the guns (provided by the ATF). Boone and Antoine negotiated a price for the guns. Antoine stated that he was low on cash, but gave Boone a $250 deposit for several of the guns and promised to pay the rest and collect the guns later that night.  -2- As soon as Antoine and his companions left the motel room, ATF agents and Boston Police officers moved in to arrest them. An ATF agent testified without objection that Antoine ran across the parking lot "attempting to flee." The agent gave chase, and Antoine was apprehended. Antoine was indicted and charged with conspiracy to deal in and dealing in firearms without a license. On the fifth day of his trial, just prior to the closing arguments, the court held a brief charge conference (having held a more lengthy conference the day before). The court indicated sua  sponte that it was considering giving a consciousness of guilt instruction based on the testimony that Antoine had fled from police immediately prior to his arrest. After much discussion with counsel, the court gave the following instruction: In determining whether the government met its burden of proving the defendant acted wilfully--remember we discussed this before--how do you decide someone's state of mind? You may consider the direct evidence before you, as well as the circumstantial evidence as to his state of mind. The one thing that you can also consider is you've heard testimony that Mr. Antoine at one point fled right after the purchase of--well, right after whatever happened in that motel room. The government claims that the flight or the-- (Pause.) Well, let me just say, if you do find that the defendant did flee, if you find that he fled, you're permitted to consider whether such actions indicate feelings of -3- guilt by Mr. Antoine and whether in terms of feeling guilt might tend to show actual guilt on these charges. You are not required to draw such inferences and you should not do so unless they appear to be reasonable in light of all the circumstances of the case.  If you decide that such inferences are reasonable, it will be up to you to decide how much importance to give them. But you should always remember that there may be many reasons why an innocent person might flee. Such conduct does not necessarily reflect feelings of guilt. Please bear in mind that a person who's innocent might flee and a person having feelings of guilt is not necessarily guilty in fact. Because such feelings are sometimes found in innocent people.  If you find that the defendant did flee, the government has proven beyond a reasonable doubt, in order to divert suspicion or for any other reason that you find reflect feelings of guilt, you may, but are not required to, infer that Mr. Antoine believed that he was guilty. You may not, however, infer on this basis alone that the defendant is, in fact, guilty of the crime for which he is charged. Whether or not the evidence as to the defendant's statements--excuse me, to the defendant's fleeing shows that Mr. Antoine believed that he was guilty and the significance, if any, to be attached to any such evidence of flight are matters for you, the jury, to decide. But first you have to decide beyond a reasonable doubt whether or not the government has proven that he fled and then you have to decide what inference, if any, to draw from that. At the conclusion of the charge, defense counsel objected to the consciousness of guilt instruction, noting that while the court had cautioned the jury that an innocent person might flee, it -4- had not also stated that a person "might flee from something he perceived as a crime, which conduct doesn't bear on" the charged offense. After consultation, the court gave the following supplemental instruction: [O]n the tail-end of the charge, I talked to you briefly about what weight, if any, you were going to give to flight. And I just want to point out to you, that not only do sometimes innocent people flee, but sometimes people can be guilty of a crime or think that they are guilty of a crime and flee. But that crime may have absolutely nothing to do with the crime charged here.  So that you have to decide whether or not the government has proven flight and whether or not there's any inference to be drawn from that, given the crime charged here. Not some other crime or some other perception, but the crime charged here. Following the supplemental instruction, the court inquired whether either party had any further concerns about the charge. Both counsel said that they had none. II. Antoine raises only one issue on appeal--whether the district court abused its discretion by giving a consciousness of guilt jury instruction that was based on his attempt to flee from the arresting officers. We hold that it did not. Evidence of flight may be admitted at trial as indicative of a guilty mind, so long as there is an adequate factual predicate creating an inference of guilt of the crime charged.  United States v. Camilo  Montoya, 917 F.2d 680, 683 (1st Cir. 1990) (quoting United  States v. Hernandez-Bermudez, 857 F.2d 50, 52 (1st Cir. -5- 1988)). There was an adequate factual predicate for the charge given in this case. The evidence at trial established that Antoine and Boone had an agreement whereby Boone would purchase handguns in Georgia, transport them to Boston, and sell them to Antoine. Pursuant to this agreement, Boone purchased guns in Georgia which he subsequently sold to Antoine in Boston. After being confronted by ATF agents and agreeing to cooperate with their investigation, Boone had one electronically monitored meeting and several telephone conversations with Antoine in which they discussed Antoine's purchase of additional handguns from Boone. Antoine went to Boone's motel room for the express purpose of viewing the handguns. In the room, Antoine and two companions viewed the guns, selected certain of them for purchase, and Antoine made a partial payment to Boone for the weapons. Antoine told Boone he would pay for and take custody of the remaining guns later that same night after he acquired more money. After exiting the room, Antoine and the other two men attempted to flee on foot from the agents. The flight evidence was admitted without objection.  These facts establish a completely adequate factual predicate for the crimes charged against Antoine. Under these facts, the jury could reasonably infer that Antoine was guilty of illegal dealing in arms. The jury could also reasonably infer that Antoine ran from authorities because he believed his conspiratorial gun dealing activities with Boone had been discovered, i.e., that he was conscious of his guilt. Based on the presence of numerous -6- agents and police officers outside the motel room, a reasonable jury could have inferred that Antoine fled because he recognized that he had been "set up" by Boone and that the authorities were well aware of their prior course of illegal conduct. See, e.g., United  States v. Romero-Carrion, 54 F.3d 15, 17 (1st Cir. 1995) (attempt to flee evidences a keen consciousness of guilt); United States v.  Luciano-Mosquero, 63 F.3d 1142, 1156 (1st Cir. 1995) (as long as there is an adequate factual predicate supporting an inference of guilt on the crime charged, evidence of flight may be admitted to show consciousness of guilt). Antoine argues that his flight merely reflected knowledge that he had just left a motel room full of guns, not that he intended to buy any. If so, the fact of flight would not support any inference of guilt as to the offenses charged. The court, however, very carefully and fully instructed the jury that Antoine's flight may have been for innocent reasons. The court reminded the jury that they need not draw any conclusions from the flight evidence and to weigh the importance of such inferences should they find them reasonable. This instruction did not invite the jury to convict based upon an inference of guilt as to another crime, and was not an abuse of discretion. See United  Antoine also argues that the court's instruction allowed the jury to infer from flight that he knew of the federal license requirement for dealing in firearms--a necessary component of the willfulness element of the gun-dealing charge. This argument is without merit. The other evidence was sufficient to permit the jury to infer that Antoine knew his course of conduct was illegal. The jury was instructed that they might infer from flight that Antoine was conscious of his guilt. -7- States v. Hernandez, 995 F.2d 307, 314-15 (1st Cir. 1993) (significance of evidence of flight is for the jury) (citing Hernandez-Bermudez, 857 F.2d at 52); United  States v. Noone, 913 F.2d 20, 29-31 (1st Cir. 1991) (no error if flight instruction sets out appropriate legal framework for jury consideration of contention that accused fled for entirely innocent reasons);  United States v. Camilo  Montoya, 917 F.2d 680, 683 (1st Cir. 1990) (no error if flight instruction has a solid evidentiary basis and the instruction a correct statement of the law). See  also United States v. Martinez, 83 F.3d 371, 373 (11th Cir. 1996) (where the act for which defendant claims to have fled and the offense charged are sufficiently related, evidence of flight and a consciousness of guilt instruction are not abuse of discretion).  III. Antoine did not object to the admission of evidence of his flight from the scene of the crime charged to him. The jury heard this evidence, and they were permitted to consider it. The court undertook to instruct them as to its proper use. The court cautioned the jury against overly broad inferences, and against any inference at all if they felt it unreasonable to do so. The instruction was not an abuse of discretion. The conviction is affirmed. -8-