**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Douglas G. HOUSLEY,
Defendant–Appellant.**

**Nos. 89–10070, 89–10406.**

United States Court of Appeals,
Ninth Circuit.

Submitted as to No. 89–10070
Dec. 12, 1989 and as to No. 89–10406
April 12, 1990.*

Decided July 11, 1990.

Douglas G. Housley, Walla Walla, Washington, pro se.

Will B. Mattly, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Before HALL, BRUNETTI and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Douglas Gary Housley, pro se, appeals a denial of a portion of his motion under Fed.R.Crim.P. 35(a) to correct an illegal sentence and seeks the vacation of a con-

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

viction which he contends merges with his conviction for a greater offense. We have consolidated his appeals. By separate memorandum disposition we address the issues raised on these appeals with the exception of two points not previously considered by this circuit. The first is the effect of a district court's technical non-compliance with one of the procedures required by 21 U.S.C. § 851(b) as this non-compliance is affected by section 851(e). The second is cumulative punishments under 21 U.S.C. §§ 846 and 848.

*Sentencing Procedure*

■ The government prior to trial had filed a notice of information of a prior felony conviction of the defendant and a notice of the government's intent to enhance sentence in compliance with section 851(a). The trial court however did not completely comply with the provision of section 851(b) that

> the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

What happened was that after his conviction on drug charges Housley pleaded guilty to the charge of being a felon in possession of a firearm. At that time the court inquired if he had been previously convicted of a felony under the laws of the state of Idaho; Housley answered that he had been. The court then inquired what the offense was and Housley identified it as possession of marijuana. As the government now notes, this conviction had occurred in 1974, more than 5 years before his drug convictions in the case pending before the court.

The general rule is clear that failure to comply with section 851(b) "renders the sentence illegal." *United States v. Garrett,* 565 F.2d 1065, 1072 (9th Cir.1977), *cert. denied,* 435 U.S. 924, 974, 98 S.Ct.

1487, 1620, 55 L.Ed.2d 517, 56 L.Ed.2d 67 (1978). The government, however, argues that there was compliance with the first requirement of section 851(b) because the court in fact did ask if Housley had been convicted and this inquiry was made before sentencing and after Housley's conviction on the drug counts. The government's point is valid. We do not find any indication in the statute that the district court is required to conduct a separate hearing on prior convictions for the purpose of sentence enhancement. Nor do we find any indication in the legislative history that Congress intended a separate hearing. Nor do we find any judicial authority to that effect. Thus, the district court's inquiry about the marijuana conviction at the time of Housley's plea on the firearm charge was in strict compliance with the first requirement of section 851(b).

■ As to the second requirement of section 851(b), that the court warn the defendant that his only chance to challenge the prior conviction is before sentencing, the government argues in effect that the omission was harmless because of 21 U.S.C. § 851(e). This statute reads:

> No person who stands convicted of an offense under this part [21 U.S.C. §§ 841–851] may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

21 U.S.C. § 851(e). In support of its contention the government relies on the reasoning of Judge Gee for the Fifth Circuit in *United States v. Nanez,* 694 F.2d 405, 413 (5th Cir.1982), *cert. denied,* 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983).

Like our circuit, the Fifth Circuit had decisions requiring strict compliance with section 851(b). But Judge Gee went on to observe:

> Those decisions, however, are predicated upon an interpretation of § 851(b), standing alone, and did not seek to assess that section's scope where, as here, challenge of the conviction underlying the enhancement information is statutorily barred. Neither the enhancement statute nor reason requires a trial court to adhere to the

rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information.

694 F.2d at 413. We find Judge Gee's reasoning persuasive.

*The Cumulative Sentences*

■ The district court, in a thoughtful analysis, granted Housley's motion to correct his sentence on the ground that his conviction for attempt under 21 U.S.C. § 846 could not be punished cumulatively to imposition of the penalty for conducting a CCE in violation of 21 U.S.C. § 848. *United States v. Housley*, 718 F.Supp. 1486, 1489–1490 (D.Nev.1989). The district court correctly saw that the question before it was whether the governing rationale was provided by the plurality opinion in *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (cumulative punishments for conspiracy under § 846 and for CCE under § 848 are not permitted by the statutes) or whether the governing rule should be taken by analogy from *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985) (cumulative punishments for the underlying substantive predicates of CCE and for CCE are intended and permissible). The district court, looking at our precedents, noted that cumulative punishments for attempt and for conspiracy under § 846 are not permissible when only one criminal undertaking is involved. *United States v. Touw*, 769 F.2d 571, 574 (9th Cir.1985); *see also United States v. Palafox*, 764 F.2d 558, 563 (9th Cir.1985) (en banc). The district court further noted that *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), in holding that special parole terms may not be imposed for § 846 conspiracy, had observed that § 846 "prescribe[s] an identical range of punishment" for attempt and conspiracy. *Bifulco*, 447 U.S. at 399, 100 S.Ct. at 2258–59. The court concluded that attempt under § 846 was more like conspiracy than like a substantive predicate and that, therefore, following *Jeffers* and *Touw* there could not be punishment for both attempt and the CCE offense. *Housley*, 718 F.Supp. at

1490. The court amended the sentence for the attempt by running it concurrently with the sentence for the CCE.

Not content with this victory, Housley urges on appeal that the court should not have merely corrected the sentence, but should have vacated the conviction for attempt. *See United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1582 (9th Cir. 1989) (requiring vacation of both the sentence and the conviction for the § 846 conspiracy where also § 848 CCE conviction). Housley's argument, however, is undercut by the conclusion we reach that the district court's opinion, well-reasoned as it is, is not the correct reading of the statutes and our precedents. We have held that when the defendant attempts or conspires to violate the drug laws on two or more separate occasions cumulative punishments under § 846 are intended by the statute and are permissible, *United States v. McQuisten*, 795 F.2d 858, 868 (9th Cir.1986), quoting Judge Fletcher's concurring opinion in *United States v. Taylor*, 716 F.2d 701, 713 (9th Cir.1983). In permitting cumulative punishments for conspiracy and for attempt, we noted that the inclusion of attempt in § 846 evidences the strong congressional intent to criminalize all aspects of drug trafficking. *McQuisten*, 795 F.2d at 868 (quoting *Palafox*, 764 F.2d at 560).

The CCE offense is closely related to conspiracy. It would be strange if Congress allowed cumulative punishments for attempt and conspiracy but did not intend to permit cumulative punishments for attempt and the CCE violation. What is important is that the attempt be distinct from the CCE offense. The evidence in this case indicated that Housley had completely manufactured one batch of methamphetamine either on or before January 8, 1986. *Housley*, 718 F.Supp. at 1491. The jury's conviction for this offense provides the basis of Housley's § 848 CCE conviction. The evidence also indicated that Housley had attempted to manufacture a second batch on January 8. *Id*. This attempt provides the basis for Housley's § 846 attempt conviction. As in *McQuisten*, the attempt to manufacture a second batch of metham-

phetamine properly forms the basis for the attempt conviction, which here is distinct from the CCE conviction.

Accordingly, we hold there is no basis upon which Housley may argue that his conviction for attempt in Count III must be vacated.

AFFIRMED.