961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael E. HERBACEK, Defendant-Appellant.
 No. 90-10600.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 27, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael E. Herbacek appeals his sentence, following a conviction on a conditional guilty plea, for conspiracy to manufacture and distribute PCP in violation of 21 U.S.C. § 841(a)(1). Herbacek contends that the district erred by failing to: (1) inquire whether he admitted or denied a prior drug conviction used to determine the statutory mandatory minimum sentence applicable to him; and (2) warn him that his only opportunity to challenge the prior conviction was before sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we vacate the sentence and remand for resentencing.
 
 
 3
 Generally, objections that are not raised in the district court are deemed waived. United States v. Clack, No. 90-10531, slip op. 1739, 1742 (9th Cir. Feb. 20, 1992). Nonetheless, we review de novo a purely legal issue. Id.
 
 
 4
 21 U.S.C. § 851(b) provides in relevant part:
 
 
 5
 the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
 
 
 6
 United States v. Housley, 907 F.2d 920, 921 (9th Cir.1990) (quoting 21 U.S.C. § 851(b)). "The general rule is clear that failure to comply with section 851(b) 'renders the sentence illegal.' " Id. (quoting United States v. Garrett, 565 F.2d 1065, 1072 (9th Cir.1977), cert denied, 435 U.S. 924, 974 (1978)). Nevertheless, substantial compliance with the statutory formalities of section 841(b) may suffice to satisfy its requirements. United States v. Harris, 592 F.2d 1058, 1061 (9th Cir.1979); see also Housley, 907 F.2d at 921-22 (technical violation of section 851(b) may be harmless where defendant statutorily barred from challenging conviction).
 
 
 7
 At the change of plea hearing, the government agreed to dismiss two of the three prior convictions previously alleged in an information filed pursuant to section 851(b). The district court asked Herbacek if he wanted to enter a guilty plea under these conditions and he replied yes. Prior to sentencing, a probation officer prepared the presentence report ("PSR"), in which Herbacek admitted the three prior convictions. At sentencing, the district referred to the PSR and the following colloquy took place:
 
 
 8
 COURT: We had, I think, covered everything up to the point of question of what Mr. Herbacek would like to say with respect to judgment and sentencing, which he may certainly do.
 
 
 9
 DEFENDANT: There is not much to say at this time, Your Honor.
 
 
 10
 COURT: Is there any legal cause why judgment and sentence should not now be pronounced?
 
 
 11
 MR. GARCIA [defense counsel]: No, Your Honor.
 
 
 12
 (RT 11/8/90 at 7).
 
 
 13
 Herbacek had two opportunities to admit or deny the prior convictions. At sentencing, he declined to make a statement and even now does not contest that the information was incorrect. Thus, the district court substantially complied with the first requirement of section 851(b). See Harris, 592 F.2d at 1061. Nevertheless, the district court failed to warn Herbacek that his only opportunity to challenge his prior convictions was before sentencing. Failure to comply with this requirement renders Herbacek's sentence illegal. See Garrett, 565 F.2d at 1072. Therefore, we hold that the district court erred by failing to comply with the second requirement of section 851(b). See id.; cf. Housley, 907 F.2d at 921-22.
 
 
 14
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3