46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Allen GULSVIG; Francisco Vasquez Lopez, a/k/a
Francisco Lopez-Vasquez, Defendants-Appellants.
 Nos. 93-30374, 93-30378.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1995.
Decided Jan. 20, 1995.
 
 1
 Before: WRIGHT and BRUNETTI, Circuit Judges, and GONZALEZ,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Gulsvig and Vasquez pleaded guilty to drug charges. Gulsvig appeals the denial of his motion to suppress evidence, arguing that the search warrant was not supported by probable cause. Vasquez appeals his sentence because the court failed to comply with the warning requirement of 21 U.S.C. Sec. 851(b). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 A. Gulsvig
 
 4
 Gulsvig alleges that the search warrant was not supported by probable cause and that prior warrantless entries onto his curtilage and into his home tainted the later search. We review the issuance of a search warrant for clear error, United States v. Bertrand, 926 F.2d 838, 841 (9th Cir.1991), and give deference to the issuing judge's determination. Illinois v. Gates, 462 U.S. 213, 236; United States v. Greany, 929 F.2d 523, 524 (9th Cir.1991). The warrant is valid if, under the totality of the circumstances, the issuing judge had a substantial basis to conclude that probable cause existed. United States v. Brown, 951 F.2d 999, 1002 (9th Cir.1991); Gates, 462 U.S. at 238-39.
 
 
 5
 We conclude that the affidavit provided a substantial basis for deciding that further evidence of drug trafficking might be found at Gulsvig's house. Although the police did not actually see Vasquez remove or place cocaine in the trunk of his car, the car's appearance, the coincidental timing of its arrival at the apartment, and the nexus between the house, the car, and the drugs found at the apartment all support the issuing judge's conclusion.
 
 
 6
 We need not consider the legality of the prior warrantless entries. Evidence seized pursuant to a valid search warrant that was based upon information obtained independently from the alleged illegal entries may not be excluded. Segura v. United States, 468 U.S. 796, 804-05 (1984); United States v. Bosse, 898 F.2d 113, 116 (9th Cir.1990). The affidavit upon which the judge relied contained information relating solely to events which took place earlier in the day. The judge did not rely upon any evidence obtained from the prior warrantless entries. Consequently, those entries, whether illegal or not, do not affect the validity of the search warrant.
 
 B. Vasquez
 
 7
 Vasquez and the government agree that the warning requirement of 21 U.S.C. Sec. 851(b) was not met. Failure to comply strictly with the requirements of section 851(b) requires this court to remand for resentencing unless the failure to do so was harmless. United States v. Housley, 907 F.2d 920, 921 (9th Cir.1990).
 
 
 8
 The district court's failure to comply with the warning requirement was harmless. Section 851(e) imposes a five-year limit on a defendant's ability to attack a prior conviction used to enhance a sentence. See United States v. Davis, 36 F.3d 1424, 1439 (9th Cir.1994). The presentence report shows the conviction used to enhance Vasquez's sentence occurred eight years ago. It also shows that he was represented by counsel. And, when the district court asked whether he disagreed with the presentence report, Vasquez said that he did not. Consequently, he is barred by section 851(e) from challenging the conviction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3