129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Brian Keith BRIM, Defendant/Appellant.
 No. 96-50530.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 10, 1997.
Oct. 29, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CR-93-98-LHM; Linda H. McLaughlin, District Judge.
 
 
 2
 Before: PREGERSON and HAWKINS Circuit Judges, and WEINER,[2] Senior District Judge.
 
 MEMORANDUM[1]
 
 3
 Brian Keith Brim appeals from his jury conviction and sentence for conspiracy to manufacture phencyclidine ("PCP"), in violation of 21 U.S.C. § 846, 841(a)(1) (Count 1), possession of piperidinocyclohexanecarbonitrile (PCC) with intent to manufacture PCP, in violation of 21 U.S.C. § 841(a)(1) (Count 3), and attempt to manufacture PCP, in violation of 21 U.S.C. § 841(a)(1) (Count 4). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction on Count 1, but remand the matter to the district court for it to vacate Brim's conviction and stay his sentence on Counts 3 and 4.
 
 
 4
 Brim first argues that the evidence cannot support his conviction for conspiracy. In considering a challenge to the sufficiency of the evidence, we consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319; United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1453 (9th Cir.1986). To show a conspiracy, the government must demonstrate (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime. See United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992); United States v. Hill, 953 F.2d 452, 457 (9th Cir.1991). "The government does not have to prove the existence of a formal agreement[;][r]ather, it can prove the existence of a conspiracy through circumstantial evidence that defendants acted together in pursuit of a common illegal goal." United States v. Bishop, 1 F.3d 910, 911 (9th Cir.1993) (citation omitted).
 
 
 5
 Evidence of an agreement, as well as an intent to engage in the manufacture of PCP, included the facts that at least two of the co-conspirators provided constituent chemicals necessary for the manufacture of PCP. They all gathered at the Brim residence at the same time when a batch of PCP was nearing completion. Cans of lye, a product used in the final manufacturing process, were observed in co-defendant Osborne's minivan and later discovered in Brim's minivan. Lye was needed to purify the unfinished PCP found in Brim's garage. This was sufficient evidence to demonstrate concerted action in pursuit of the goal of manufacturing the PCP.
 
 
 6
 In addition, Brim, who lived in California, ordered certain PCP constituent chemicals from a supplier in Nevada. While California has stringent registration requirements for these chemicals, Nevada does not. At the same time, Brim ordered large quantities of banana scented air freshener. The evidence showed that manufacturers of PCP use scented air fresheners to mask the odor of ether produced by the manufacturing process. The evidence also showed that after buying the chemicals in Nevada, Brim drove back to California using countersurveillance driving techniques. The jury could have concluded from these facts an intent to avoid detection of the illegal activity.
 
 
 7
 Although we affirm Brim's conviction on the conspiracy count, we agree with him that his convictions and sentences on the remaining counts must be vacated and stayed. In United States v. Palafox, 764 F.2d 558 (9th Cir.1985) (en banc), we determined that under 21 U.S.C. § 841(a)(1), "where the defendant is convicted of multiple criminal steps leading to the same criminal undertaking, only one punishment should be imposed." Id., at 563. Adopting a California state procedure, we determined that in prosecutions for component drug offenses, sentence and entry of judgment of conviction should be stayed on all but one count. See Id. at 563-64. Later, in United States v. Wilson, 781 F.2d 1438 (9th Cir.1986), we held that where only one manufacturing process was alleged in the indictment, possession of piperidine with knowledge that it would be used to manufacture PCP, manufacturing PCC, and attempting to manufacture PCP were all successive steps of one criminal undertaking.[3] See id. at 1439-40. We thus concluded that although the defendant was properly charged and tried on separate counts for each step in the manufacturing process, he could be convicted and sentenced for only one. See id. at 1440. Accordingly, it was incumbent upon the district court to vacate and stay the judgment and sentence as to the possession count with the stay becoming final at the expiration of the sentence on the attempt count.
 
 
 8
 In this case, Brim was convicted and sentenced for conspiracy to manufacture PCP, attempt to manufacture PCP, and possession of PCC with intent to manufacture PCP. "[C]umulative punishments for attempt and for conspiracy under § 846 are not permissible when only one criminal undertaking is involved." United States v. Housley, 907 F.2d 920, 922 (9th Cir.1990), (citing United States v. Touw, 769 F.2d 571, 574 (9th Cir.1985)). Because the possession, attempt, and conspiracy here were clearly all parts of one criminal undertaking, the district court should have sentenced Brim on only one of the counts.
 
 
 9
 Finally, since the remand for this technical correction of the judgment of commitment does not change Brim's total sentence, we briefly address Brim's other sentencing arguments. Brim asserts that the district court erred in enhancing his sentence under 21 U.S.C. § 851 because he was not indicted on his two prior felony narcotics offenses. He also asserts that the government failed to prove the prior convictions. Both of these assertions are meritless.
 
 
 10
 Brim argues, citing United States v. Collado, 106 F.3d 1097, 1100 (2d Cir.1997), that § 851(a)[4] is ambiguous regarding whether the phrase "the offense for which such punishment may be imposed" refers to the instant offense or to the prior convictions. In Collado, the Court of Appeals for the Second Circuit, acknowledging that every other circuit court to have considered the issue determined that the phrase referred to the instant offense, nonetheless concluded that the statute was ambiguous. See 106 F.3d at 1100. In United States v. Espinosa, 827 F.2d 604 (9th Cir.1987), however, this court stated that, while the statutory language was arguably susceptible to either reading, it must refer to the instant offense for several reasons: (1) a common sense reading of the language indicated that it referred to the current or latest offense; (2) the two other usages of the term in the statute referred to the current offense; (3) the section consistently used other terms to refer to prior convictions; and (4) while Congress intended the statute to be broadened by including state and foreign convictions as sentence enhancers, an anomalous situation could be created where prior convictions occurred in jurisdictions not employing a grand jury indictment system. See id. at 617. Brim offers no cogent argument why our prior holding on the issue should be revisited.
 
 
 11
 Brim's alternate argument, that the government failed to prove the prior convictions, is also without merit. Section 851 is silent as to the method of proof of prior convictions. In deciding a similar issue under the Armed Career Criminal Act, 21 U.S.C. § 851, we determined that the government is not required to prove a defendant's prior convictions beyond a reasonable doubt where the prior conviction is a sentence enhancer rather than an element of a charged offense. United States v. McDougherty, 920 F.2d 569, 575 (9th Cir.1990). All that is required is that the district court find facts underlying the applicable sentencing factors by at least a preponderance of the evidence. See id.
 
 
 12
 Here, pertaining to one of the prior convictions, the government offered at sentencing a certified copy of the Abstract of Judgment, a probation officer's report, the guilty plea and waiver of rights form signed by Brim, his attorney and the deputy district attorney, the transcript of the sentencing proceeding and the court reporter's certificate. Pertaining to the other conviction, the government offered a certified transcript of a change of plea hearing. This evidence was sufficient to establish Brim's prior convictions by a preponderance of the evidence. The district court's imposition of a life term based on the two prior convictions was not error.
 
 
 13
 Accordingly, we vacate the judgments of conviction and sentences on Counts 3 and 4 and order their entries stayed pending completion of the sentence on Count 1. The practical effect of our holding is to leave intact the life term imposed by the district court.
 
 
 14
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 [2]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [3]
 While the government presented evidence that there were sufficient constituent chemicals in the garage to manufacture a second batch of PCC, the indictment alleges only a single manufacturing process. In addition, while the government appears to contend that the implementation of the Sentencing Guidelines has eliminated the need for the Palafox/Wilson holdings, we recently reaffirmed the holdings in a Guidelines case. See United States v. Compton, 5 F.3d 358, 360 (9th Cir.1993) (where offense of interference with flight crew was necessarily committed by defendant in completing first, greater offense of attempted air piracy, judgment and sentence as to interference count would be vacated and stayed with stay becoming final at expiration of sentence on air piracy count)
 
 
 [4]
 This section provides in pertinent part:
 (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon ...
 (2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.