142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Andres PUERTA, Defendant-Appellant.
 No. 96-50694.
D.C. No. CR-96-00493-WDK.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 10, 1998**.
Decided April 17, 1998.
 
 Appeal from the United States District Court for the Central District of California William D. Keller, District Judge, Presiding.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Andres Puerta appeals the sentence imposed upon him after his guilty plea to possession of cocaine with intent to distribute. See 21 U.S.C. § 841(a)(1). We affirm.[1]
 
 
 3
 1. Puerta asserts that 21 U.S.C. § 851(a)(1) states that an information setting forth enhancing "convictions to be relied upon" must be filed and served, and that 21 U.S.C. § 851(a)(2) says that the information may not be filed unless the defendant was prosecuted by indictment. So much is true. He, however, goes on to assert that the information must state that his prosecution was by indictment. That is not accurate; the statute requires no such thing. It only requires the filing and service of an information that sets forth the "convictions to be relied upon." That was done here.
 
 
 4
 In a similar vein, Puerta argues that the enhancing prior convictions must have been obtained by indictment. That, too, is inaccurate. As we have held, it is the crime which is presently being prosecuted, not the priors, that must be prosecuted by indictment. See United States v. Espinosa, 827 F.2d 604, 616-17, (9th Cir.1987). He asks us to overrule that decision. Of course, we cannot do so. See United States v. Gay, 967 F.2d 322, 327 (9th Cir.1992).
 
 
 5
 2. Puerta finally complains that between the time of his plea and the time of pronouncement of sentence, the district court did not ask if he affirmed or denied the prior convictions and did not warn him that if he did not then challenge them, he could not later raise a challenge to them for the purpose of attacking his sentence. He is correct; the district court should have performed those tasks. See 21 U.S.C. § 851(b); United States v. Garrett, 565 F.2d 1065, 1072 (9th Cir.1977). However, the district court's failure is subject to harmless error analysis. See United States v. Housley, 907 F.2d 920, 921-22 (9th Cir.1990); see also United States v. Rounsavall, 115 F.3d 561, 566 (8th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 256, 139 L.Ed.2d 183 (1997); United States v. Romero-Carrion, 54 F.3d 15, 18 (1st Cir.1995). Here Puerta knew what he was charged with, and the truth of those prior convictions was affirmed at his plea hearing and avowed in the presentence report. He never denied their truth. More to the purpose, he really could not attack the validity of the prior convictions for § 851 purposes because they occurred more than five years before the date of the information. See 21 U.S.C. § 851(e); Housley, 907 F.2d at 921. Perhaps it could be argued that a challenge could be available despite the terms of the statute, if a defendant was deprived of counsel at the time of the priors. See Custis v. United States, 511 U.S. 485, 495-97, 114 S.Ct. 1732, 1738-39, 128 L.Ed.2d 517 (1994). However, we need not decide that issue because Puerta has never claimed that he was denied the right to counsel at the time of the priors. Thus, any error was harmless.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Puerta waived his right to appeal in his plea agreement, the district court's later advisal that he could appeal waived that waiver. See United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.1995)