**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Agapito CORTEZ, aka Tito,**
**Defendant–Appellant.**

**No. 98–50303.**
**D.C. No. CR–96–00567–ABC–2.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Agapito Cortez appeals his conviction and 121–month sentence, following a jury trial, for one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and vacate in part.

◼ Cortez contends that the district court erred by denying his motion to suppress because the government failed to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

demonstrate "necessity" for the wiretap. *See* 18 U.S.C. § 2518(1)(c), (3)(c); *United States v. Khan,* 993 F.2d 1368, 1375 (9th Cir.1993). In an earlier appeal brought by one of his co-defendants, this court upheld the wiretap's validity and the denial of the motion to suppress in *United States v. Johnson,* No. 98–50176, 1999 WL 274665 (9th Cir. Apr.23, 1999); the motion had been made in the district court by Cortez and joined by his co-defendant. The doctrine of law of the case therefore establishes that the district court did not err. *See United States v. Schaff,* 948 F.2d 501, 506 (9th Cir.1991) (concluding law of the case doctrine applies when one co-defendant's appeal is decided before another co-defendant's appeal, if both were convicted at the same trial); *United States v. Tierney,* 448 F.2d 37, 39 (9th Cir.1971).[1]

■ Cortez contends that the district court committed plain error under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by imposing a sentence based on an unproven quantity of cocaine and an unproven prior felony drug conviction. We are unpersuaded. The statutory maximum for an unspecified amount of cocaine is twenty years. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Garcia–Guizar,* 234 F.3d 483, 488 (9th Cir.2000) (outlining procedure for determining whether *Apprendi* invalidates a sentence), *cert. denied,* —— U.S. ——, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001). Because Cortez's 121–month sentence was substantially less than the statutory maximum, he fails to show that his rights under *Apprendi* were violated. *See United States v. Nordby,* 225 F.3d 1053, 1059–60 (9th Cir.2000) (concluding defendant prejudiced because sentence imposed was longer than the maximum had he been

sentenced in accordance with the facts as found by the jury); *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1026–27 (9th Cir.2000) (concluding that *Apprendi* is not implicated if sentence is below the statutory maximum).

■ Cortez's additional contention that *Apprendi* was violated because an unproven prior drug conviction was used to increase his statutory minimum sentence similarly fails. *Apprendi* exempted prior convictions from its rule concerning facts that must be pleaded and proven to a jury, and Cortez's prior conviction did not increase the penalty here beyond the prescribed statutory maximum. *See Apprendi,* 530 U.S. at 489–90. Instead, the prior conviction established only the ten-year minimum mandatory sentence for Cortez's current conviction. *See* 21 U.S.C. §§ 846, 841(b)(1)(B). We conclude that *Apprendi* has no application here because it dealt with the consideration of facts in sentencing enhancement beyond the statutory *maximum,* not beyond the statutory *minimum. See Apprendi,* 530 U.S. at 490; *United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001) (indicating *Apprendi* is not implicated when the sentence exceeds the statutory minimum).

■ Finally, Cortez contends that the district court erred by failing to comply with the requirements of 21 U.S.C. § 851(b) at sentencing because the district court: (1) did not ask Cortez whether he affirmed or denied the prior conviction; and (2) did not inform him that any challenge to the prior conviction must be made before sentence was imposed and could not be raised thereafter to attack his sentence. We agree. *See* 21 U.S.C. § 851(b); *United States v. Hamilton,* 208 F.3d 1165, 1168

---

1. We note, however, based on our review of the wiretap application and the affidavit, that the district court did not err by denying the suppression motion because necessity was

shown. *See United States v. Bennett,* 219 F.3d 1117, 1121–23 (9th Cir.2000), *cert. denied,* 531 U.S. 1153, 121 S.Ct. 1099, 148 L.Ed.2d 971 (2001).

(9th Cir.), *cert. denied,* 531 U.S. 867, 121 S.Ct. 164, 148 L.Ed.2d 111 (2000) (stating the district court must strictly comply with section 851(b)). Because the district court failed to comply with section 851(b), the sentence is illegal. *See United States v. Garrett,* 565 F.2d 1065, 1071–72 (9th Cir. 1977).[2] Accordingly, we vacate and remand for resentencing in full compliance with section 851(b).

**AFFIRMED in part, and VACATED and REMANDED in part.**

---

**2.** We reject the government's argument that any error was harmless under *United States v. Housley,* 907 F.2d 920, 921–22 (9th Cir.1990). In contrast to *Housley,* the district court in the instant case failed to comply with both prongs of section 851(b), and section 851(e) would not have barred Cortez from challenging the prior conviction.

