**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Martiniano VILLAREAL– RODRIGUEZ, Defendant– Appellant.**

No. 00–50310.

D.C. No. CR–99–01515–K.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Filed Aug. 15, 2002.

Decided Feb. 14, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Black's request to appear and argue the merits of his appeal. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

ORDER AND AMENDED

## MEMORANDUM**

## ORDER

The memorandum disposition filed on August 15, 2002, is amended as follows:

(1) In paragraph three after "Next, Villareal–Rodriguez contends that . . ." insert "the government failed to follow the procedures in 21 U.S.C. § 851(a), and that . . ."

(2) In paragraph three, after the first sentence, insert "We conclude that the government complied with § 851(a)." Replace "However" with "Additionally" in the beginning of the next sentence.

With these amendments, the panel has voted to deny appellant's petition for rehearing and suggestion for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R.App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied.

There shall be no further filings in this closed appeal.

## MEMORANDUM

Martiniano Villareal–Rodriguez appeals the 120–month sentence imposed following a jury trial in which he was convicted of one count of conspiracy to import marijuana in violation of 21 U.S.C. §§ 952 and 960; one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); three counts of importation of marijuana in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2; and three counts of possession with intent to distribute marijuana in viola-

tion of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Villareal–Rodriguez's contention based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), lacks merit because his sentence of 120 months imprisonment is below the 30 year statutory maximum he would have faced pursuant to 21 U.S.C. § 841(b)(1)(C), for his stipulation to 91 kilograms of marijuana. *See United States v. Mendoza–Paz,* 286 F.3d 1104, 1110–11 (9th Cir.2002) (holding that since drug quantity did not increase the penalty beyond the prescribed statutory maximum, *Apprendi* did not require this fact to be determined by the jury).

■ Next, Villareal–Rodriguez contends that the government failed to follow the procedures in 21 U.S.C. § 851(a), and that the district court failed, pursuant to § 851(b), to ask him whether he affirmed or denied his prior conviction, and failed to advise him that any challenge to the prior conviction must be brought before sentence was imposed. We conclude that the government complied with § 851(a). Additionally, since Villareal–Rodriguez was barred, pursuant to 21 U.S.C. § 851(e), from challenging a prior conviction that was more than five years old, *see United States v. Housley,* 907 F.2d 920, 921–22 (9th Cir.1990), the district court's error was harmless.

■ We review for clear error the district court's finding that Villareal–Rodriguez was a manager or supervisor under U.S.S.G. § 3B1.1(b), *see United States v. Ponce,* 51 F.3d 820, 826 (9th Cir.1995). At sentencing, the district court found that Villareal–Rodriguez was entrusted to stash marijuana, hire drivers, arrange deliveries,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and ensure that proceeds from the sale of marijuana returned to Mexico. The district court also found that the criminal activity involved five or more participants. Accordingly, the three-level role enhancement pursuant to § 3B1.1(b) was not clearly erroneous. *See* U.S.S.G. § 3B1.1, comment (n.4).

▮ Villareal–Rodriguez further contends that he should have received a two-level downward adjustment to his base offense level for acceptance of responsibility. Because this contention is raised for the first time on appeal, we review for plain error. *See United States v. Marin–Cuevas*, 147 F.3d 889, 892–93 (9th Cir. 1998). Villareal–Rodriguez points to no evidence in the record showing genuine contriteness that would entitle him to a two point reduction for acceptance of responsibility. *See United States v. Ochoa–Gaytan*, 265 F.3d 837, 843 (9th Cir.2001) (stating that it is defendant's burden to demonstrate acceptance of responsibility); *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir.1994) (concluding that the primary goal of the acceptance of responsibility reduction is to reward defendants who are genuinely contrite). Accordingly, the district court did not err by declining to grant Villareal–Rodriguez a two-level adjustment for acceptance of responsibility.

▮ Lastly, Villareal–Rodriguez's contention that he should have received a four-level downward departure for a combination of factors fails because the district court lacked discretion to depart from the 10–year statutory minimum sentence imposed. *See United States v. VanDoren*, 182 F.3d 1077, 1083 (9th Cir.1999) (a district court does not have the discretion to apply downward departures below the minimum mandated by Congress).

**AFFIRMED.**