**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50310 |
| Plaintiff-Appellee, | |
| v. | D.C. No.<br>2:90-cr-00652-SVW-1 |
| THOMAS CLIFFORD WHITMORE,<br>AKA Li Tommy, AKA Tommy Young, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 4, 2016
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

Thomas Whitmore appeals his sentence to life in prison without the

possibility of parole for his role in a series of drug-trafficking offenses.  We have

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for further

proceedings consistent with our decision, including resentencing.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

## I.

In 1991, a jury convicted Whitmore of sixteen drug-trafficking counts. As required by the then-applicable, quantity-based sentencing statute for crack cocaine offenses, the district court sentenced Whitmore to life in prison without the possibility of parole on his conviction for a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848(b). Whitmore was twenty-six years old at the time and had two prior, non-violent misdemeanor convictions.

In 1994, we affirmed "all but Whitmore's conviction on count 37" and ordered "count 1 be vacated if Whitmore's convictions on both counts 1 and 44 withstand appellate and collateral challenge." *United States v. Miller*, 24 F.3d 251, at *1, 7 (9th Cir. 1994) (unpublished).[1] On remand, the district court ordered count 37 vacated and determined that resentencing was not required at that time, apparently with Whitmore's agreement. In 1998, the district court granted in part and denied in part Whitmore's 28 U.S.C. § 2255 collateral attack. The court ordered count 1 vacated but stated that resentencing was not required in light of the mandatory life sentence for the CCE offense. However, it was not until 2014, after Whitmore filed numerous motions and sought a writ of mandamus from this court,

---

[1]    Count 1 is for conspiracy to distribute cocaine, count 44 is for CCE, and count 37 is for attempt to distribute cocaine.

that the district court actually amended Whitmore's judgment of conviction to reflect count 1's vacatur. And it was not until July 9, 2015, after this appeal was taken, that the district court amended the judgment of conviction to vacate count 37.[2]

## II.

We agree with Whitmore and the government that this court has jurisdiction under 28 U.S.C. § 1291 and that Whitmore's appeal is timely. On June 19, 2014, Whitmore filed a notice of appeal from the district court's June 6, 2014 order. While the district court did not enter an amended judgment of conviction in accordance with that order until July 8, 2014, and thus his conviction did not become final until that time, Whitmore's appeal is timely under Fed. R. App. P. 4(b)(2). *See, e.g.*, *Solis v. Cty. of Los Angeles*, 514 F.3d 946, 951 (9th Cir. 2008).

## III.

Whitmore argues that the district court erred by not holding a resentencing hearing on remand and affording him his rights to counsel and to be heard.

Our partial affirmance in 1994 unbundled Whitmore's sentencing package and authorized the district court to resentence him on remand. *United States v.*

---

[2] The July 9, 2015 amended judgment is the subject of a second appeal, No. 15-50318, which has been stayed pending a decision here.

3

*Avila-Anguiano*, 609 F.3d 1046, 1049 (9th Cir. 2010). Given the unusual circumstances presented, Whitmore's judgment and conviction did not become final and appealable on remand until 2014, when the district court finally entered an amended judgment of conviction. *United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005); *United States v. Colvin*, 204 F.3d 1221, 1224–25 (9th Cir. 2000). By that time, Whitmore was no longer represented by counsel and the lack of an opportunity to allocute prejudiced him because the district court "could have lowered" his sentence. *See United States v. Gunning*, 401 F.3d 1145, 1149 (9th Cir. 2005); *see also Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (explaining that new rules for the conduct of criminal prosecutions apply retroactively to all cases "not yet final").

The government argues that Whitmore waived any right to resentencing because an attorney for one of Whitmore's co-defendants who stood in for Whitmore's counsel at a 1994 hearing agreed that resentencing was not required at that time. However, on the record presented, we cannot conclude that Whitmore knowingly and voluntarily waived any argument that resentencing was required in 1998 or later.

Whitmore presents two additional arguments on appeal. First, he argues that the jury's verdict on the drug-quantity threshold was invalid because (1) the court

erroneously aggregated the drug quantities involved in multiple offenses; (2) there was insufficient evidence to support a finding that any single violation involved the requisite drug quantity; and (3) the jury did not itself find the drug quantities as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Second, he argues that the Double Jeopardy Clause requires vacatur of his three attempt convictions that were predicates for his CCE conviction.  *United States v. Housley*, 907 F.2d 920, 922 (9th Cir. 1990) (ruling that district courts cannot impose cumulative punishments for both attempt and CCE offenses unless the offenses are distinct).  While Whitmore's arguments under *Apprendi* and *Housley* may have merit, the government contends that Whitmore waived them by not raising them on direct appeal.  We leave it to the district court to consider in the first instance whether to exercise its discretion to consider these arguments.

## IV.

Accordingly, we vacate Whitmore's sentence and remand for the district court to resentence Whitmore in accordance with now-applicable law.  On remand, the district court shall provide Whitmore with his rights to counsel and to allocute, and the district court shall decide whether to consider the arguments that Whitmore did not make on his first direct appeal.  Additionally, the district court should

5

amend the judgment of conviction to vacate count 37.[3]

**VACATED** and **REMANDED**.

---

[3]     Whitmore's timely appeal from the July 8, 2014 amended judgment of conviction divested the district court of jurisdiction to enter the July 9, 2015 judgment of conviction, which vacated count 37. *Small v. Operative Plasterers' and Cement Masons' Int'l. Ass'n.*, 611 F.3d 483, 495 (9th Cir. 2010).