**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30210 |
| Plaintiff-Appellees, | D.C. No. 1:15-cr-0015-SPW |
| v. | |
| WILLIAM MAURICE SMITH, | MEMORANDUM[*] |
| Defendant-Appellant | |

On Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted July 9, 2018
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,[**] District
Judge.

William Maurice Smith appeals his convictions under 21 U.S.C. § 846,

21 U.S.C. § 841(a)(1), and 18 U.S.C. § 924(c)(1)(A), and his sentence, which was

enhanced pursuant to 21 U.S.C. § 851. We have jurisdiction under 28 U.S.C.

§ 1291. As the parties are familiar with the facts, we do not recount them here.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

We affirm.

1. The requirements of Federal Rule of Criminal Procedure 41 did not apply to the motel room search because the search was not "federal in character." *United States v. Crawford*, 657 F.2d 1041, 1046 (9th Cir. 1981). Additionally, the district court's determination that the evidence mislabeling was merely a mistake was not clearly erroneous. *United States v. Freitas*, 800 F.2d 1451, 1454 (9th Cir. 1986). The district court properly denied Smith's motion to suppress evidence seized in his motel room based upon police mislabeling.

2. The state trooper had probable cause to arrest Smith before he conducted the search that revealed contraband in Smith's waistband. *United States v. Morgan*, 799 F.2d 467, 469 (9th Cir. 1986). The search was a lawful search incident to arrest. *United States v. Smith*, 389 F.3d 944, 951 (9th Cir. 2004) (per curiam). The district court correctly denied Smith's motion to suppress the evidence seized from his waistband.

3. We held, *supra*, that the evidence Smith challenges was lawfully obtained, thus no evidence needs to be excised when determining whether the warrants to search Smith's motel room and car were supported by probable cause. *United States v. Giordano*, 416 U.S. 505, 555 (1974). Smith does not challenge the warrants as they stand. The district court correctly concluded that the warrants to search Smith's motel room and car were supported by probable cause.

4. The jury was not required to unanimously agree as to which of the three firearms listed in the indictment was used in furtherance of a drug trafficking crime. *See United States v. Ruiz*, 710 F.3d 1077, 1081 (9th Cir. 2013). Accordingly, the district court did not plainly err by not giving sua sponte a specific unanimity jury instruction for 18 U.S.C. § 924(c). *United States v. Payseno*, 782 F.2d 832, 834 (9th Cir. 1986).

5. Smith would not have been able to challenge his previous convictions, as listed in the Information, even if the district court had afforded him the opportunity to do so. *See* 21 U.S.C. § 851(e); *United States v. Housley*, 907 F.2d 920, 921-22 (9th Cir. 1990). The district court's failure to abide by the procedural requirements of 21 U.S.C. § 851(b) was therefore harmless error. *United States v. Severino*, 316 F.3d 939, 947-48 (9th Cir. 2003) (en banc).

6. The district court reasonably relied on the responses to its inquiries regarding whether Smith had an opportunity to read and discuss his presentence report with his attorney, thus satisfying Federal Rule of Criminal Procedure 32(i)(1)(A). *United States v. Soltero*, 510 F.3d 858, 863 (9th Cir. 2007) (per curiam). Alternatively, because the life sentence imposed was mandatory, Smith was not prejudiced by the district court's denial of additional time to review his presentence report, and any non-compliance with Rule 32(i)(1)(A) was harmless. *Id.*

7. Although it may be possible that the sentencing enhancement forced the district court to impose a sentence in conflict with the 18 U.S.C. § 3553(a) factors, Smith concedes that a constitutional challenge to his mandatory life sentences is not supported by our court's precedent. The district court did not unconstitutionally impose the mandatory life sentences.

**AFFIRMED.**