**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>JUAN GARCIA HERRERA, AKA Juan<br>Herrera Garcia,<br><br>        Defendant-Appellant. | No.   17-50074<br><br>D.C. No. 8:15-cr-00161-AG-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 15, 2018
Pasadena, California

Before:  GOULD, PARKER,** and MURGUIA, Circuit Judges.

On October 27, 2016, Defendant Juan Garcia Herrera pleaded guilty to one

count of conspiracy under 18 U.S.C. § 371 and one count of distribution of

methamphetamine under 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  He also admitted

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Barrington D. Parker, United States Circuit Judge for
the U.S. Court of Appeals for the Second Circuit, sitting by designation.

to a prior conviction for "a felony drug offense as that term is defined and used in Title 21, United States Code, Sections 802(44), 841, and 851." On February 27, 2017, the district court sentenced Herrera to the mandatory minimum of 240 months' imprisonment, applying a sentence enhancement for the prior drug conviction admitted in the information. Herrera appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  Herrera contends that his sentence is impermissible under *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Ocampo-Estrada*, 873 F.3d 661 (9th Cir. 2017). He has waived these contentions in his plea because they go to "the procedures and calculations used to determine and impose" his sentence and do not allege that the sentence is illegal. The appeal waiver remains effective notwithstanding the district court's suggestions that Herrera might have rights to appeal at sentencing because an "equivocal statement indicating that [the defendant] 'possibly' has the right to appeal [does] not cancel his prior waiver." *United States v. Arias-Espinoza*, 704 F.3d 616, 619 (9th Cir. 2012).

2.  Herrera's other challenges to his sentence are not waived, however, because "even a valid appeal waiver does not prevent courts from reviewing an illegal sentence." *United States v. Pollard*, 850 F.3d 1038, 1041 (9th Cir. 2017); *see United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (defining an illegal sentence as a sentence that "exceeds the permissible statutory penalty for the crime

or violates the Constitution"). Herrera's challenge under 21 U.S.C. § 851(b) is not waived because "failure to comply with § 851(b) renders the sentence illegal." *United States v. Rodriguez*, 851 F.3d 931, 946 (9th Cir. 2017) (quoting *United States v. Housely*, 907 F.2d 920, 921 (9th Cir. 1990)). Nonetheless, we reject Herrera's § 851(b) challenge. Although the district court did not conduct a colloquy with Herrera as required by § 851(b), this error is harmless. *See Housely*, 907 F.2d at 921–22. Herrera is statutorily barred from challenging the validity of his prior conviction by 18 U.S.C. § 851(e), and Herrera repeatedly admitted that the prior conviction was his. The district court's failure to comply with § 851(b) did not affect Herrera's "substantial rights" and cannot be a basis for reversing Herrera's sentence. *See United States v. Severino*, 316 F.3d 939, 947 (9th Cir. 2003) (en banc).

3.      We also reject Herrera's contention that the definition of "felony drug offense" in 21 U.S.C. § 802(44) is unconstitutionally vague. We have previously considered whether the definition of "felony drug offense" is unconstitutionally vague by asking whether the law gives the defendant a reasonable opportunity to know that his or her particular prior conviction could be the subject of an enhancement under 21 U.S.C. § 841(b)(1)(a). *See United States v. Mincoff*, 574 F.3d 1186, 1201 (9th Cir. 2009); *United States v. Van Winrow*, 951 F.2d 1069, 1072 (9th Cir. 1991). Following the rule applied in those cases, we ask whether

3

Herrera had "a reasonable opportunity to know" that his prior convictions were offenses "punishable by imprisonment for more than one year under any law. . . that prohibits or restricts conduct relating to narcotic drugs . . . or depressant or stimulant substances." *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 554 (9th Cir. 2004), *as amended* (Aug. 23, 2004); 21 U.S.C. § 802(44). Because Herrera's prior convictions were felony convictions for the sale or transportation of heroin, possession for sale of heroin, sale or transportation of cocaine, possession for sale of cocaine, sale or transportation of methamphetamine, and possession for sale of methamphetamine under California law, it is clear that these convictions were felonies involving conduct relating to drugs. The definition of "felony drug offense" is not vague as applied to Herrera.

Herrera contends that the foregoing authority is inconsistent with *Johnson v. United States*, 135 S. Ct. 2551 (2015). As a three-judge panel, we are bound by prior Ninth Circuit precedent unless it is "clearly irreconcilable" with intervening Supreme Court authority. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). In contrast to a situation like *Guerrero v. Whitaker*, where we held that prior precedent was "clearly irreconcilable" with *Johnson*, No. 15-72080, 2018 WL 5852651, at *3 (9th Cir. Nov. 9, 2018), our prior precedent interpreting "felony drug offense" did not rely on a legal test rejected in *Johnson*. Rather, the approach we followed in *Van Winrow* relied on prior precedent concerning when a

4

defendant's vagueness challenge should be assessed as applied to his or her circumstances, an issue which *Johnson* did not directly address. *See* 951 F.2d at 1072. Without further clarification by the Supreme Court, we cannot say that we are no longer bound by our prior cases, and we must reject Herrera's vagueness challenge.

4. Finally, binding precedent forecloses Herrera's challenge to his sentence under the Sixth Amendment and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the fact of a prior conviction is not an element of the defendant's offense that must be decided by a jury under the Sixth Amendment. We have previously rejected the argument that *Apprendi* and *Alleyne* overruled *Almendarez-Torres*. *Rodriguez*, 851 F.3d at 945.

All of Herrera's challenges to his sentence were either waived or are without merit.

**AFFIRMED.**