NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50356 |
| Plaintiff-Appellee, | D.C. Nos. 2:77-cr-01047-CJC-1 |
| v. | 2:77-cr-01047-CJC |
| JOSE GUADALUPE VALENZUELA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted December 10, 2021[**]
Pasadena, California

Before:  W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Federal prisoner Jose Guadalupe Valenzuela appeals from the district court's

denial of his motion for resentencing.  We lack jurisdiction and dismiss the appeal.

Valenzuela was originally sentenced in 1978 for conspiracy to possess

heroin with intent to distribute, possession of heroin with intent to distribute,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

aiding and abetting, and operating a continuing criminal enterprise ("CCE"). Valenzuela received a life sentence for the CCE conviction and lesser concurrent sentences for his other convictions. We affirmed and noted that there was "no need to inquire into the propriety of other lesser or equal concurrent sentences since [Valenzuela's] prison term [for the CCE count] will remain the same whatever the resolution of the other sentences might be." *United States v. Valenzuela*, 596 F.2d 1361, 1365 (9th Cir. 1979).

In 1998, the district court partially granted Valenzuela's 28 U.S.C. § 2255 motion and vacated his conspiracy conviction based on new Supreme Court authority. The CCE conviction and the attendant life sentence remained undisturbed. Valenzuela appealed, and we affirmed, concluding that the district court properly decided not to vacate Valenzuela's CCE conviction. *United States v. Valenzuela*, 225 F.3d 665, No. 99-55413, 2000 WL 733603, at *1-2 (9th Cir. June 7, 2000).

Two decades later, in 2020, Valenzuela filed the instant motion for resentencing. Valenzuela argued that he should receive a full resentencing, including exercising his right of allocution to address the court, because back in 1998, he was never resentenced following the partial grant of his § 2255 motion and vacatur of his conspiracy conviction, which "unbundled" his sentencing package. The district court denied the motion for resentencing. Relying on

*Troiano v. United States*, 918 F.3d 1082, 1087-88 (9th Cir. 2019), the district court reasoned that a full resentencing was not required because the vacatur of Valenzuela's conspiracy conviction had no impact on his overall sentence.

As a preliminary matter, the Government argues that the district court lacked jurisdiction to consider Valenzuela's motion for resentencing and that we lack jurisdiction to entertain this appeal. Although the Government did not contest jurisdiction in the district court, "lack of jurisdiction is a matter which can be raised at any time . . . and must be addressed before any consideration of the merits." *United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014).

"[A] district court does not have inherent power to resentence defendants at any time." *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997) (citation omitted). Valenzuela argues that the district court in 2020 had the authority to resentence him under 28 U.S.C. § 2255 because his original § 2255 motion was partially granted in 1998. However, Valenzuela's original § 2255 proceeding was final long before Valenzuela filed the instant motion for resentencing. While it appears that the district court did not enter an amended judgment following his partially-successful § 2255 motion, Valenzuela already appealed the district court's decision regarding his original § 2255 motion. Valenzuela's reliance our unpublished decision in *United States v. Whitmore*, 682 F. App'x 626 (9th Cir. 2017), is misplaced.

Rather, Valenzuela's motion for resentencing is properly characterized as an unauthorized second or successive § 2255 motion. *See Balbuena v. Sullivan*, 980 F.3d 619, 634-35 (9th Cir. 2020). Therefore, the district court lacked jurisdiction to consider Valenzuela's motion for resentencing. *See United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011).

Moreover, since Valenzuela's motion for resentencing is properly characterized as a § 2255 motion, it requires a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B). Valenzuela should have obtained a COA, but did not and cannot because it is not debatable that the motion was a second or successive § 2255 motion and Valenzuela did not obtain this court's authorization before filing it. *See United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).

**DISMISSED**.